**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 7 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GAGANDEEP SINGH,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3070

Agency No.
A215-674-305

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Gagandeep Singh, a native and citizen of India, seeks review of an order of

the Board of Immigration Appeals ("BIA") affirming denial by an immigration

judge ("IJ") of Singh's applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Singh, a Sikh man,

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        We granted the parties' joint motion to submit this case on the briefs,
without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleges that he was physically attacked and threatened by members of the Indian National Congress ("Congress") and Bharatiya Janata Party ("BJP") parties, once in October 2017 and once in January 2018, because of his work for and membership in the opposition Mann party. When he went to the police, Singh claims they refused to make a report and instead threatened to manufacture a false case against him. After he left India, party members questioned one of his neighbors about his whereabouts and visited his family home during the election season. Police, too, came to the family home "during the election time" and "inquired about" Singh.

The IJ determined that Singh's testimony was not credible, identifying three contributing factors to this determination: Singh's inconsistent account of harassment of his family after he left India; a lack of certain corroborative evidence; and his testimony about medical treatment he received after an alleged attack by Congress and BJP party members. Singh challenges this determination.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, the IJ's decision is the final agency determination. 8 C.F.R. § 1003.1(e)(4). We review de novo the agency's legal conclusions, and we review for substantial evidence its factual findings and credibility determinations. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022); *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021). We deny the petition.

23-3070

The IJ identified internal inconsistencies in Singh's account of his family's treatment by police and by party members after his departure from India. Singh's account was also inconsistent with affidavits from a friend and local leader on this issue. These inconsistencies are unexplained and non-"trivial." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

The IJ also found internal inconsistency in Singh's two explanations for his failure to provide the court with an affidavit from his parents about their treatment since his departure. Considering the "ample deference" given to the agency's credibility determinations under the REAL ID Act, we credit the IJ's conclusion as reasonably based on the totality of the circumstances. *Shrestha*, 590 F.3d at 1044.

However, contrary to the IJ's finding, we determine that "any reasonable adjudicator" would be "compelled to conclude" that Singh's statements regarding his medical treatment were consistent, both internally and with the documentary evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (internal quotation marks and citations omitted). Singh's affidavit and testimony on direct examination omitted a detail regarding medical treatment he received after his first attack: a brief stop to pick up medicine from a clinic. When specifically questioned about this omission, which was neither self-serving nor weighty, Singh provided a detailed narrative of the visit that was consistent with documentary evidence, including a letter from his doctor and an affidavit from the friend who drove him to

the clinic. Singh explained his initial omission by noting that the treatment he received after his second attack was far more intrusive and much longer, and that he did not consider picking up a few "tablets" of medicine to qualify as formal medical treatment. While "an IJ cannot be required to accept as true any internally consistent story from the asylum seeker," the IJ provided no rationale for its finding that Singh's ultimate testimony was not reasonable or plausible. *Yali Wang*, 861 F.3d at 1008 (internal marks and citations omitted).

However, the remaining evidence of inconsistency is substantial, such that the IJ's adverse credibility determination is "supported by the totality of the circumstances." *Kumar v. Garland*, 18 F.4th 1148, 1151 (9th Cir. 2021) (citing *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc)). The IJ identified "specific and cogent reasons" for its ultimate credibility determination, which only "the most extraordinary circumstances" warrant overturning. *Shrestha*, 590 F.3d at 1041–42 (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

We deny Singh's asylum petition based on the adverse credibility determination. His remaining claim for withholding of removal necessarily fails. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (noting the "more demanding standard of proof in the withholding statute" for likelihood of persecution). So does Singh's claim for CAT relief, because the record does not compel a conclusion that he would likely be tortured by or with the consent or

acquiescence of the Indian government. *See Lalayan*, 4 F.4th at 840 ("An adverse credibility determination does not, by itself, necessarily defeat a CAT claim . . . [b]ut . . . to reverse the BIA's decision . . . we would have to find that the [evidence] alone compelled the [contrary] conclusion") (internal quotation marks and citations omitted).

**PETITION DENIED.**